### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ZAKS, et al.                          :
                                      :
v.                                    :        No. 3:01cv2266 (JBA)
                                      :
TES FRANCHISING ET AL.                :

### Ruling on Joint Request for Clarification

On July 12, 2004, this Court granted the motion of defendants TES Franchising, LLC ("TES"), The Entrepreneur's Source, Inc. and Terry Powell to stay litigation and compel arbitration. See Ruling [Doc. # 62].[1] Subsequently, the Court administratively closed the case pending arbitration with the right of any party to have the case restored to the docket if filed within 60 days following the conclusion of the parties' arbitration proceeding. See [Doc # 63]. The Court concluded that although only defendant TES was a signatory to the Franchise Agreements with plaintiffs, the non-signatories to the Franchise Agreements — defendants The Entrepreneur Source, Inc. and Terry Powell — were entitled to enforce the arbitration agreement, because "plaintiffs claims against the non-signatories are all directly related to their relationship with TES and to the plaintiffs' claims against TES, which are undisputedly within the scope of the arbitration agreement." See [Doc. # 62] at 18 (citing Gambardella v. Pentec, Inc., 218 F.SUpp.2d 237, 241 (D.Conn. 1997); Choctaw Generation

---

[1]The defendants moved collectively to compel arbitration. See Defendants, TES Franchising, LLC, The Entrepreneur's Source, Inc. and Terry Powell, Motion to Stay Litigation and Compel Arbitration Pursuant to the Franchise Agreements [Doc. # 58].

Ltd. Partnership v. American Home Assurance Co., 271 F.3d 403, 404 (2d Cir. 2001)).  The parties now seek clarification on "[w]hether in reaching this conclusion the Court intended to order the non-signatory parties . . . to be compelled to participate in and be bound by the arbitration process, or not."

The non-signatory parties were movants seeking to compel arbitration, and they thereby requested that plaintiffs' claims against them be subject to the arbitration process, not this judicial forum.  The Court granted their motion, agreeing with defendants (including the non-signatories) that all of plaintiffs claims against them were properly the subject of arbitration. Thus, the effect of this Court's order was that all of the defendants would submit to the arbitration process, not because the Court compelled them to do so, but because they had moved for such relief and their motion was granted.

Having moved to compel arbitration, the non-signatory defendants must now submit to arbitration.  A contrary result would leave the plaintiffs without a forum in which to make their claims against the non-signatory defendants, as this case is now administratively closed pending the completion of the arbitration process.

IT IS SO ORDERED.

/s/

_____
Janet Bond Arterton, U.S.D.J.

_____
**Dated at New Haven, Connecticut, this 1st day of March, 2005.**